NETTIE RICHMAN, as Administratrix, etc., of ALEX RICHMAN, Also Known as ALEXANDER RICHMAN, Deceased, Respondent, v. LOUIS FOLLMAN, Appellant.

PER CURIAM. The plaintiff does not rely on section C19–53.0 of the Administrative Code of the City of New York as imposing statutory liability on the defendant, even if we assume that an action could be maintained under that section by the personal representative of the deceased. The plaintiff relies on the violation of sections C19–58.0 and C19–59.0 as constituting negligence for the consequences of which the defendant is liable. In order to hold the defendant liable on that theory it was necessary to establish that the death of plaintiff's intestate was caused by these violations. The present record does not disclose a causal connection between the violations of law and the accident, which, for aught that appears, would have occurred even if all the statutory requirements had been fulfilled.

The judgment should be reversed and new trial ordered, with costs to the appellant to abide the event.

Present — Martin, P. J., Townley, Untermyer, Cohn and Callahan, JJ.; Callahan, J., dissents and votes to affirm.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.